## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK GREEN,** | **:** | |
| **Plaintiff,** | **:** | **CIVIL ACTION NO. 1:05-2446** |
| **v.** | **:** | **(RAMBO, D.J.)** |
| | | **(MANNION, M.J.)** |
| **DEPARTMENT OF CORRECTIONS,** *et al.*, | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

## REPORT AND RECOMMENDATION[1]

Pending before the court is a motion to dismiss on behalf of defendants Bohinski and Wisniewski. (Doc. No. 128). For the reasons set forth below, the court recommends that the motion be **GRANTED.**

## I.    FACTS AND PROCEDURAL BACKGROUND[2]

By way of relevant background, the only remaining claims in this action are plaintiff's Eighth Amendment medical care claims against defendants

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] Because the facts and procedural history have been recounted in greater detail in an earlier report and recommendation, it will not be fully repeated here. *See* (Doc. No. 123).

Bohinski and Wisniewski.

Allegations against Defendant Wisniewski

On August 26, 2004, the plaintiff was allegedly transferred to the State Correctional Institution at Dallas ("SCI-Dallas"). (Doc. No. 117-1 at 8). While at SCI-Dallas, plaintiff believes that he began suffering from Methicillin-resistant Staphylococcus aureus ("MRSA"). *Id.* Accordingly, the plaintiff alleges that he went to sick call at least four times during September 2004. *Id.* However, as plaintiff's medical chart had not yet arrived from SCI-Camp Hill, defendant Wisniewski allegedly told the plaintiff to come back. *Id.*

On October 4, 2004, plaintiff was treated by defendant Wisniewski. *Id.* The plaintiff allegedly complained about his boils, frequent urination and back pain. *Id.* However, defendant Wisniewski allegedly refused to discuss his complaints regarding his urination issues or his back pain. *Id.* at 9. In addition, defendant Wisniewski told the plaintiff that his boils were normal. *Id.* Plaintiff alleges that defendant Wisniewski also stated that if he still believed that something was wrong he should purchase something from the commissary as plaintiff is in prison and is not entitled to medical attention for non-emergencies, and, therefore, he should not come back to her unless he is unconscious. *Id.*

2

On November 4, 2004, plaintiff was treated by defendant Wisniewski and he, again, complained about his frequent urination, boils and back pain. *Id.* Plaintiff allegedly told defendant Wisniewski that his boils were becoming larger, more painful, and that puss and blood was coming out of the boils. *Id.* Defendant Wisniewski allegedly told the plaintiff that this was normal, and that he was okay. *Id.* Plaintiff then requested that he be tested for MRSA, but defendant Wisniewski and Administrator Ginocchetti denied that request. *Id.* After his request to be tested for MRSA was denied, he requested to speak to a supervisor, and defendant Wisniewski allegedly denied that request and also refused to refer the plaintiff to a doctor. *Id.*

On February 23, 2005, and on February 28, 2005, plaintiff was, again, treated by defendant Wisniewski. *Id.* Plaintiff alleges that on both dates, she found that nothing was wrong with him and, again, refused to conduct diagnostic tests. *Id.* at 10. For example, she allegedly refused to conduct tests for diabetes, high blood pressure, or an EKG for his irregular heartbeat. *Id*.

In March, the plaintiff's leg allegedly became very swollen and, as such, a physician's assistant gave the plaintiff antibiotics. *Id.* However, the day before, defendant Wisniewski allegedly refused to the treat the plaintiff, and also refused to send him to the doctor. *Id.*

Allegations against Defendant Bohinski

With respect to defendant Bohinski, plaintiff merely alleges that he denied plaintiff treatment for his frequent urination. *Id.* at 15. In addition, plaintiff alleges that defendants Wisniewski and Bohinski were aware of his "complaints of denial of medical attention," and yet "no corrective action was taken." *Id.* at 14.

On July 21, 2011, defendants Bohinski and Wisniewski filed a motion to dismiss. (Doc. No. 128). This motion is fully briefed. (Doc. No. 131); (Doc. No. 133). Thus, this motion is ripe for our consideration.

II.   **STANDARD OF REVIEW**

The defendants' motions to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged

in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III.   LEGAL ANALYSIS

To state a claim under the Eighth Amendment for denial of medical care, a prisoner-plaintiff must show that the defendants were deliberately indifferent to his serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). A "serious" medical need is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988). Deliberate indifference occurs when an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, to successfully state a claim, a plaintiff must allege that the defendant acted with a sufficiently culpable state of mind, *Wilson v. Seiter*, 501 U.S. 294, 298,(1991), and must in some way

"connect[] his factual allegations to the alleged mental states" of the defendants, *Spruill v. Gillis*, 372 F.3d 218, 237 (3d Cir. 2004).

Mere negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a §1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *See Estelle*, 429 U.S. at 106; *Spruill*, 372 F.3d at 237; *Lanzaro*, 834 F.2d at 346. "[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners," *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993), and courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment" *Little v. Lycoming County*, 912 F. Supp. 809, 815 (M.D. Pa.1996) (quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

"'Deliberate indifference,' therefore, requires 'obduracy and wantonness,' which has been likened to conduct that includes recklessness

7

or a conscious disregard of a serious risk." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986) and citing *Farmer*, 511 U.S. at 842). The deliberate indifference standard is, of course, clearly met when a doctor is intentionally inflicting pain on a prisoner. *Spruill*, 372 F.3d at 235. Deliberate indifference has also been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse*, 182 F.3d at 197 (citing *Durmer*, 991 F.2d at 68). Deliberate indifference has also been found "when the prison official persists in a particular course of treatment 'in the face of resultant pain and risk of permanent injury.'" *Id.* (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).

### A.   Defendant Bohinski

Defendant Bohinski argues that plaintiff's Eighth Amendment claim against him should be dismissed. The court agrees. In the second amended complaint, the plaintiff merely alleges that defendant Bohinski was aware of plaintiff's "complaints of denial of medical attention," and that defendant Bohinski denied him "medical attention" for his frequent urination. (Doc. No.

117-1 at 14-15). Although plaintiff alleges that defendant Bohinski was aware of his complaints, the plaintiff has failed to allege what complaints defendant Bohinski was aware of, or when defendant Bohinski was made aware of these complaints. Similarly, although the plaintiff alleges that defendant Bohinski denied plaintiff treatment for his frequent urination, there is no indication as to why or when this treatment was denied. Thus, the plaintiff's allegations against defendant Bohinski are scant and conclusory, and are not sufficient to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) (stating that although factual averments must be taken as true, the court need not accept a litigant's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (conclusory or "bare-bones" allegations are not sufficient to survive a motion to dismiss).

In sum, as this is plaintiff's second amended complaint, and the plaintiff has still failed to set forth sufficient allegations against defendant Bohinski, the court recommends that the second amended complaint be dismissed with respect to defendant Bohinski.

## B.  Defendant Wisniewski

Defendant Wisniewski argues that plaintiff's Eighth Amendment medical

care claims against her should be dismissed. For the reasons that follow, the court agrees.

The plaintiff's allegations indicate that defendant Wisniewski treated him on six separate occasions. Nonetheless, on each occasion, the plaintiff disagreed with her course of treatment. Specifically, plaintiff disagreed with the fact that defendant Wisniewski did not believe he needed an EKG or to be tested for diabetes, high blood pressure, or MRSA. In addition, he disagreed with her opinion on what treatment was required for his boils, swollen leg, back pain and frequent urination. Plaintiff also took issue with the fact that she did not think he needed to be referred to a doctor. However, to the extent plaintiff has repeatedly disagreed with her course of treatment, or simply found it to be inadequate, courts have consistently held that unsuccessful medical treatment, or even medical malpractice do not give rise to a §1983 cause of action, and that an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *See* *Estelle*, 429 U.S. at 106; *Spruill*, 372 F.3d at 237; *Lanzaro*, 834 F.2d at 346. Additionally, to the extent the plaintiff contends that defendant Wisniewski failed to treat him, adequately or otherwise, there is no indication that she knew of and disregarded an excessive risk to plaintiff's health or safety. Consequently, the court

recommends that plaintiff's second amended complaint be dismissed with respect to defendant Bohinski.

## V.    RECOMMENDATION

For the reasons elaborated above, **IT IS RECOMMENDED THAT:**

**(1)**    defendant Bohinski and Wisniewski's motion to dismiss, (Doc. No. 128), be **GRANTED,** and

**(2)**    plaintiff's "motion for discovery," (Doc. No. 132), be **DENIED** as **MOOT**.

s/ *Malachy E. Mannion*

**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** January 10, 2012
O:\shared\REPORTS\2005 Reports\05-2446-06.wpd