IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK GREEN,** | **CIVIL NO. 1:05-CV-2446** |
| **Plaintiff** | **(Judge Rambo)** |
| v. | **(Magistrate Judge Mannion)** |
| **DEPARTMENT OF CORRECTIONS,** *et al.*, | |
| **Defendants** | |

# M E M O R A N D U M

Before the court is a report and recommendation by the magistrate judge to whom this matter was referred in which he recommends that the claims of an Eighth Amendment violation by Defendants Dr. Bohinski and Nurse Wisniewski be dismissed for failure to state a claim.

Plaintiff Green filed a second amended complaint (Doc. 117) in which he alleges that he "was denied medical attention for frequent urination by Dr. Bohinski . . . which is still occurring, this constitutes deliberate indifference." (Doc. 117 at 14-15. This constitutes a conclusory statement and fails to allege sufficient factual averments to show, if proven, that Dr. Bohinski acted with deliberate indifference to a serious medical need in violation of the Eighth Amendment. *Farmer v. Bennan*, 511 U.S. 825(1994).

As to Defendant Wisniewski, Plaintiff claims that she did not examine his complaints about frequent urination, back pain, and boils on October 4, 2004 and November 4, 2004; and that she denied his requests to be tested for sugar diabetes, blood pressure, and have an EKG. (Doc. 117 at pp. 8-9.) On March 1, 2005, Plaintiff claims she refused him treatment for a swollen leg. (*Id*. at p. 10.) This condition was attended to by a physician's assistant on March 2, 2005. (*Id*.) Plaintiff claims other lapses of medical care by the medical department without specifically mentioning by

name the parties in the medical department who are responsible for these alleged lapses.

To state a violation of the Eighth Amendment, Plaintiff must allege factual averments that show that Wisniewski knew that he had a serious medical need and that she was deliberately indifferent to that need. *Farmer v. Brennan*, 511 U.S. at 825. The deliberate indifference element has not been averred. At most, Wisniewski's treatment or alleged non-treatment may amount to negligence.

Thus, the court will adopt the report and recommendation of Magistrate Judge Mannion and Defendants Bohinski and Wisniewski's motion to dismiss will be granted. An appropriate order will be issued.

                                             s/Sylvia H. Rambo
                                             United States District Judge

Dated: March 20, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK GREEN,** | : | **CIVIL NO. 1:05-CV-2446** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | **(Magistrate Judge Mannion)** |
| **DEPARTMENT OF CORRECTIONS,** *et al.*, | : | |
| **Defendants** | : | |

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The court adopts the report and recommendation of Magistrate Judge Mannion.

2) Defendants Bohinski and Wisniewski's motion to dismiss (Doc. 128) is **GRANTED**.

3) Plaintiff's motion for discovery (Doc. 132) is **DENIED AS MOOT**.

4) Any appeal from this order will be deemed frivolous and not taken in good faith.

5) The Clerk of Court shall close the file.

                                            s/Sylvia H. Rambo
                                            United States District Judge

Dated: March 20, 2012.